IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GARY and JANIS McFADDEN,<br>　　Plaintiffs<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF INDIANA,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 5:21-cv-489 |

# SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Safeco Insurance Company of Indiana ("Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On April 13, 2021, Plaintiffs Gary and Janis McFadden ('Plaintiffs") filed their Original Petition ("Original Petition") styled Cause No. 2021CI07125; *Gary and Janis McFadden v. Safeco Insurance Company of Indiana*; In the 225th Judicial District Court, Bexar County, Texas.[1]

2. Service of suit upon Safeco's registered agent occurred on April 22, 2021 and Safeco timey filed its Original Answer on April 30, 2021.[2]

3. Safeco now timely files this Notice of Removal within thirty (30) days of service of suit.

---

[1] *See* Exhibit A, Plaintiffs' Original Petition.
[2] *See* Exhibit A, Safeco's Original Answer.

*Nature of the Suit*

4. This lawsuit involves a dispute over Safeco's handling of Plaintiff's insurance claim for damages sustained from a wind/hail storm allegedly occurring on or about April 13, 2019 at Plaintiffs' property located at 11 Mayborough Lane, San Antonio, Texas 78257. Plaintiffs assert causes of action against Safeco for breach of contract, violations of the Texas Insurance Code and common law bad faith. Plaintiffs' seek compensatory damages, enhanced damages, costs of court, pre- and post-judgment interest, and attorneys' fees.

*Basis for Removal*

5. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

**A. The Amount in Controversy Exceeds $75,000.**

6. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [...] penalties, statutory damages, and punitive damages."[4] Here, Plaintiffs claim that their property, which Plaintiffs insured through Safeco, sustained storm

---

[3] Plaintiffs' Original Petition asserts Plaintiffs damages are more than $250,000, excluding interest, statutory or punitive damages, penalties, and attorneys' fees and costs. *See* Exhibit A, Plaintiffs' Original Petition at page 2.

[4] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

damage.[5] Plaintiffs seek damages for Safeco's alleged failure to pay them what was owed under the terms of their insurance contract.[6] The Policy in effect on the reported date of loss was a Quality Select Homeowners Policy with coverage limits of $746,300 for the dwelling, $74,630 for other structures, and $446,920 for personal property. In addition, Plaintiffs seek statutory or punitive damages and penalties under the Texas Insurance Code.[7] Plaintiffs also seek attorney fees for bringing this suit.[8]

7. Plaintiffs plead in their Original Petition that they are seeking monetary relief of "more than $250,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs."[9] Further, Plaintiffs presented a pre-litigation demand to Safeco in which Plaintiffs asserted their damages were $416,652.24.[10] Consistent with the amount sought in the Petition and settlement demand, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

8. Thus, given the Policy limits pertinent to Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

**B. Complete Diversity Exists Among Remaining Parties**

9. Upon information and belief, Plaintiffs were each a citizen of Texas when their Petition was filed and continue to be citizens of Texas.

---

[5] *See* Exhibit A, Original Petition at page 2.
[6] *See* Exhibit A, Original Petition at page 3.
[7] *See* Exhibit A, Original Petition at pages 2, 4.
[8] *See* Exhibit A, Original Petition at page 5.
[9] *See* Exhibit A, Original Petition at page 2.
[10] *See* Exhibit B, Demand to Safeco dated February 3, 2021.

10. Safeco is a company organized under the laws of the State of Indiana with its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between the parties to the lawsuit, Plaintiffs and Safeco

### *The Removal is Procedurally Correct*

11. Safeco was first served with the Original Petition in District Court on April 22, 2021.  Therefore, Safeco files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15. Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 225th Judicial District for Bexar County, Texas, promptly after Safeco files this Notice.

WHEREFORE, Safeco Insurance Company of Indiana requests that this action be removed from the 225th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:     (210) 227-2200
Facsimile:      (210) 227-4602
dstephens@lsslaw.com
jmann@lsslaw.com


By: _____
David R. Stephens
State Bar No. 19146100
Jessica R. Mann
State Bar No. 24080165

COUNSEL FOR SAFECO INSURANCE
COMPANY OF INDIANA


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **21st** day of **May, 2021**, addressed to those who do not receive notice from the Clerk of the Court.

Matthew R. Pearson
Valerie L. Cantu
PEARSON LEGAL, P.C.
425 Soledad, Suite 600
San Antonio, Texas 78205
mpearson@pearsonlegalpc.com
vcantu@gplawfirm.com


_____
David R. Stephens / Jessica R. Mann

5